Weygandt, C. J.
Since the defendants’ demurrer concedes the truth of the factual allegations of the plaintiff’s petition, the sole question now before this court for consideration is whether the plaintiff has succeeded in stating a cause of action.
*74 In summary the plaintiff alleges that it is the operator of a moving picture theater; that it employs a salaried man whose full-time duties include various kinds of maintenance and minor repair work about the theater; that this employee is not a member of the defendant union of painters and paper hangers; that this employee does not desire to become a member of the defendant union or to have it act as a bargaining agent for him; that these defendants recently picketed the plaintiff’s theater when the plaintiff refused to accede to the union’s demand that occasional painting should not be included among the maintenance duties of the plaintiff’s employee and that the plaintiff employ a member of the defendant union; that the plaintiff has 'no labor dispute with any of its employees; that the defendants have entered into a conspiracy against the plaintiff and have maliciously interfered with the contractual relations between the plaintiff and its employees; that the defendants have threatened to boycott the plaintiff’s theater; and that the plaintiff has suffered and will continue to suffer irreparable damage unless the defendants are enjoined from picketing or boycotting the plaintiff’s theater.
The judgments of the lower courts must be reversed for several reasons.
In the first place the trial judge stated that he sustained the defendants’ demurrer to the plaintiff’s petition for the reason that he preferred to follow the dissenting view in the case of Crosby v. Rath, 136 Ohio St., 352, 25 N. E. (2d), 934. However, the decision in that case has not been either reversed or overruled. On the contrary, it was followed in the subsequent decision of this court in the case of Chucales v. Royalty, 164 Ohio St., 214, 129 N. E. (2d), 823. In the syllabus it was held:
“2. The public policy of Ohio, as determined by its courts, regards picketing against an employer as unlawful where there is no dispute between the employer and his employees and where the picketing is conducted by persons who were never employed by that employer and who do not represent anyone who ever was, and where it is conducted for the purpose of pressuring the employer to compel his employees to join the union of those conducting the picketing.
“3. Where the public policy of a state regards such picket *75 ing as unlawful, a state court may enjoin such picketing, even though it is peaceful, without infringing the right of free speech guaranteed by the federal Constitution; and the fact, that such public policy has been found by the courts of that state to be a part of its common law instead of being expressed by its Legislature in statutory form, is immaterial.
“4. The Fourteenth Amendment to the federal Constitution does not require a state to prohibit voluntary acquiescence in the demands of a union in order that such state may prohibit the unibn from exerting pressure by picketing to secure submission to such demands.”
And in the opinion in the Chucales case, supra, appears the following comment:
“In our opinion, the holding of this court in Crosby v. Rath, 136 Ohio St., 352, 25 N. E. (2d), 934, requires the conclusion that the picketing involved in the instant case was unlawful and should be enjoined. It is true that the decision in the Crosby case might have been based on the fact that the picketing involved in that case had been accompanied by violence. However, the opinion ‘by the court’ does not base the decision upon that ground but upon the ground that picketing is unlawful where there is no dispute between the employer and his employees and where the picketing is conducted against the employer by persons having no connection with his employees and where it is conducted for the purpose of pressuring the employer to discharge his employees unless they become members of a union. Thus, in that case, this court reversed that part of the judgment of the Court of Appeals which had permitted picketing and boycotting and, in doing so, stated in an opinion ‘by the court’:
“ * * it is not even contended that in the instant case there is any dispute whatsoever between the plaintiff and her employees * * *. On the contrary, the only dispute in the instant case is between the plaintiff and the defendants with whom the plaintiff’s employees have no connection. The thing upon which the defendants are insisting is that the plaintiff discharge her employees unless they become members of one of the defendant unions. There is no reason or convincing authority sustaining the contention of the defendants that they *76 have the right to engage in picketing or boycotting under such circumstances.’ ”
In this connection, the following further comment appears in the per curiam opinion in the Crosby case, supra:
“That this must be the law is clearly indicated by the intolerable and unexplainable predicament in which an employer might well find himself if picketed by two or more hostile unions with each one insisting that the employer discharge his employees unless they become members of that particular union alone.”
Likewise, the Crosby case was cited in the opinion in the decision of this court in the case of W. E. Anderson Sons Co. v. Local Union No. 311, 156 Ohio St., 541, 104 N. E. (2d), 22.
Whether the plaintiff in the instant case will be able to adduce evidence to substantiate the numerous and comprehensive factual allegations of its petition is a matter with which this court is not permitted to concern itself at this time since the defendants’ demurrer requires that the allegations be considered true.
Hence, under the foregoing pronouncements of this court, the judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Common Pleas for further proceeding according to law.

Judgment reversed and cause remanded.

Stewart, Taft, Matthias, Bell and Herbert, JJ., concur.
Zimmerman, J., dissents.